**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**SECOND PRESBYTERIAN CHURCH**
**OF CHATTANOOGA (THE),**

      **Plaintiff,**

**v.**                                          **No: _____**
                                                **JURY DEMANDED**

**GUIDEONE ELITE INSURANCE COMPANY,**

      **Defendant.**

---

## COMPLAINT

---

COMES NOW the Plaintiff, Second Presbyterian Church of Chattanooga (The) , by and through counsel, and submits the following for its Complaint against GuideOne Elite Insurance Company:

### PARTIES AND JURISDICTION

1.      Second Presbyterian Church of Chattanooga (The) ("Plaintiff") is a Tennessee public benefit religious corporation with its principal office located in Chattanooga, Tennessee. At all times relevant hereto, Plaintiff was the owner of the structures located at 700 Pine Street, Chattanooga, Tennessee (the "Insured Premises").

2.      GuideOne Elite Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Hamilton County, Tennessee. Defendant's principal place of business is located in the State of Iowa, and Defendant was organized under the laws of the State of Iowa.

3.      This Complaint originates as the result of a storm event(s) that caused substantial insured losses to the structures located on the Insured Premises, and Defendant's failure and refusal to promptly and fully pay Plaintiff's insurance claim.

4.      Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Venue is proper in this Court because the Insured Premises giving rise to the insurance dispute in controversy is located in Hamilton County, Tennessee.

## FACTS

5.      At all times relevant hereto, Plaintiff was insured pursuant to an insurance contract whereby Defendant agreed to insure the building (a church) located at the Insured Premises against property damage, bearing Policy No. 00-1270-824 (the "Policy"). The Policy has been in place in the form of original and renewal insurance policies since at least 2008.

6.      At the time of the Loss (as defined below), Plaintiff owned the Insured Premises, which consisted of a downtown building and surrounding area utilized as a church and place of worship.

7.      The Policy provided insurance coverage for direct physical loss of or damage to the building located on the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

8.      The Policy was an "all-risks" policy, meaning that the Policy covered all risks of direct physical loss of or damage to the covered property except for those specifically excluded or limited by the Policy.

9.      Pursuant to the Policy, Plaintiff paid an annual premium to Defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

2

10. On April 12, 2020, or on other dates within the term of the Policy, the building located at the Insured Premises was damaged by a storm event(s), resulting in substantial direct, physical loss to the building, including but not limited to its roofs, exterior cladding, and associated water intrusion. The direct physical loss and damage to the building at the Insured Premises shall hereafter be referred to as the "Loss."

11. Plaintiff promptly reported the Loss to Defendant upon discovery of the damage.

12. Plaintiff fulfilled all of the duties after the Loss that were imposed upon it by the Policy to the satisfaction of Defendant.

13. As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

14. Defendant acknowledged that the Loss is a compensable claim and made partial payments on the claim.

15. After its investigation, Defendant sent Plaintiff a letter dated June 23, 2021 concluding: (a) that certain wind damage (totaling $2,632) occurred to the Insured Premises on January 18, 2021; (b) that other wind damage occurred on a different date within the Policy term; and (c) that hail damaged the Insured Premises on yet another date. Defendant advised that other claims would need to be submitted to pursue the additional wind and hail damage other than the $2,632 included in its estimate.

16. Thereafter, Plaintiff hired an engineer and a meteorologist to determine the scope, extent, and date of the damage. Through its investigation conducted over the fall and winter of 2021-2022, Plaintiff discovered that a storm event with winds exceeding 70 miles per hour impacted the Insured Premises on April 12, 2020, causing substantial damage.

17. On March 28, 2022, Plaintiff provided Defendant with the reports of its engaged meteorologist and engineer and requested that Defendant enter into a tolling agreement pending the completion of Defendant's investigation and assessment of the Loss. Defendant declined to enter into a tolling agreement but is proceeding with an additional inspection of the loss scheduled for April 19-20, 2022.

18. Plaintiff also requested that Defendant open new claims as necessary to address the storm damage to the Insured Premises.

19. Defendant's payments to date are inadequate to properly indemnify Plaintiff as required by the terms of the Policy. Plaintiff has not been properly compensated for the damage to its building.

20. Although the claims process is still ongoing and Plaintiff desires to resolve the claim through the ordinary course as outlined by the Policy (including appraisal if necessary), Plaintiff files this lawsuit out of an abundance of caution and to avoid any claim by Defendant that Plaintiff failed to comply with the suit limitations clause as set forth in the Policy.

21. To date, Defendant has failed to make full payment to Plaintiff for its covered loss. Plaintiff files this lawsuit in order to protect its rights.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

22. The allegations contained in the paragraphs above in this Complaint are incorporated herein by reference as if set forth verbatim.

23. The Policy issued by Defendant is a binding contract and is supported by valid consideration.

4

24.     Defendant is in total material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant's breach of contract includes the following, without limitation: (a) Defendant's failure and refusal to pay the amounts owed to Plaintiff for the Loss pursuant to the insurance coverage afforded by the Policy; and (b) Defendant's failure and refusal to promptly and fully honor Plaintiff's claims for insurance benefits.

25.     As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy.

26.     Defendant is liable to Plaintiff for its losses.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment to Plaintiff as follows:

A.     For specific performance of the Policy's terms and conditions;

B.     For compensatory damages in an appropriate amount to be determined by the jury;

C.     For all costs incurred by Plaintiff as a result of this action;

D.     For pre- and post-judgment interest; and

E.     For such other further and general relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff demands a jury.

Respectfully submitted,

McWHERTER SCOTT & BOBBITT, PLC

s/ J. Brandon McWherter
J. BRANDON McWHERTER #21600
brandon@msb.law
JONATHAN L. BOBBITT #23515
jonathan@msb.law
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144

CLINTON H. SCOTT #23008
clint@msb.law
54 Exeter Rd., Suite D
Jackson, Tennessee 38305
Telephone: (731) 664-1340

*Attorneys for Plaintiff*